UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY STONER,

        Plaintiff,                      CIVIL ACTION NO. 12-CV-14076

vs.

                                           DISTRICT JUDGE PAUL D. BORMAN

DOUGLAS B. SHAPIRO,            MAGISTRATE JUDGE MONA K. MAJZOUB
DAVID SAWYER, and
JANE E. MACKEY,

        Defendants.
_____/

**I.**     **RECOMMENDATION:** This Court recommends that the motion to dismiss filed by Defendants Hon. Douglas B. Shapiro, Hon. David H. Sawyer, and Hon. Jane E. Mackey (docket no. 11) be **GRANTED**.

**II.**     **REPORT:**

This matter comes before the Court on the motion to dismiss filed by Defendants Hon. Douglas B. Shapiro, Hon. David H. Sawyer, and Hon. Jane E. Mackey. (Docket no. 11). Plaintiff filed a response and a letter requesting leave to amend the complaint. (Docket nos. 13, 14). Defendants filed a reply. (Docket no. 15). All pretrial matters have been referred to the undersigned for action. (Docket no. 12). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.**     **Facts and Procedural History**

Plaintiff, a Michigan state prisoner, filed this *pro se* civil rights action for damages and injunctive relief pursuant to 42 U.S.C. § 1983, alleging federal and state constitutional violations

and violations of state law stemming from Defendants' denial of his criminal appeal. The complaint alleges in vague terms that Defendants, all Michigan Court of Appeals judges, denied an appeal of Plaintiff's criminal conviction without offering a written explanation even though the prosecutor failed to file a brief in opposition. Plaintiff sues Defendants in their official capacities on the following four counts: Equal Protection, Abuse of Process, Gross Frauds and Cheats, and Severe Mental Anguish. In February 2013 Plaintiff filed a letter requesting leave to amend his complaint to add individual capacity claims against the above Defendants and to add a claim under 42 U.S.C. § 1988. (Docket no. 13).

**B.**     **Standard**

Defendants move for dismissal of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1) and (b)(6). A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction by attacking the jurisdictional claim on its face, in which case all factual allegations of the Plaintiff must be considered as true, or by attacking the factual basis for jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). If the factual basis for jurisdiction is challenged, the court must weigh the evidence and the plaintiff bears the burden of proving jurisdiction. *Id*.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a complaint. When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007).

**C.     Analysis**

Defendants argue that they are entitled to dismissal of Plaintiff's claims on the basis of absolute judicial immunity, Eleventh Amendment immunity, state law qualified immunity, the *Rooker-Feldman* doctrine, and because the complaint fails to state a claim upon which relief may be granted.

The *Rooker-Feldman* doctrine raises a jurisdictional bar that prohibits the federal district court from engaging in appellate review of state court judgments and of those claims inextricably intertwined with an issue raised in a state court proceeding. *DLX, Inc. v. Kentucky*, 381 F.3d at 516-17. A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. *Id*. at 517. "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceedings as, in substance, anything other than a prohibited appeal of the state-court judgment." *Pieper v. Am. Arbitration Ass'n, Inc.*, 336 F.3d 458, 460 (6th Cir. 2003) (citation and internal quotation marks omitted).

Plaintiff seeks monetary damages and asks the Court to direct Defendant judges to order the state trial court to conduct a full and fair hearing and new trial within 120 days or grant him an unconditional release. He also asks for an order directing Defendant judges to pay the fees and costs of an attorney to represent him at an evidentiary hearing and new trial. The facts underlying the complaint involve Defendants' actions in denying Plaintiff's criminal appeal. It is the opinion of the undersigned that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and should be dismissed pursuant to Federal Rule 12(b)(1).

Even if the Court concludes that *Rooker-Feldman* does not present a jurisdictional bar,

Plaintiff's claims for monetary damages for actions taken against Defendants in their official capacities are barred by the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (the Eleventh Amendment bar applies to actions against state officials sued in their official capacity for money damages). Additionally, Defendants argue persuasively that Plaintiff's claims for injunctive relief are not requests for prospective injunctive relief such that they would escape the bar of the Eleventh Amendment, but rather involve claims for retroactive equitable relief with a financial impact on the state treasury. Defendants alternatively argue that Plaintiff's claims for injunctive relief are directed against the State as the real party in interest. In either event, his claims for injunctive relief are barred under the Eleventh Amendment. *See Edelman v. Jordan*, 415 U.S. 651, 677 (1974) (a federal court's remedial power is limited to prospective injunctive relief and may not include a retroactive award which requires payment of funds from the state treasury).

In addition to the above, it is widely recognized that judges enjoy absolute judicial immunity from lawsuits arising out of the performance of their judicial functions. *See Mireles v. Waco*, 502 U.S. 9, 9-12 (1991). Plaintiff's claims against Defendants involve the exercise of Defendants' judicial duties. He has not asserted facts to show that Defendants acted in a nonjudicial function or acted in the complete absence of all jurisdiction. *Id.* at 11-12. Consequently, Defendants are immune from suit for the actions which are the subject of this litigation and it would be futile to grant Plaintiff leave to file an amended complaint. Finally, Plaintiff is not authorized to bring an action against Defendants under the Michigan Penal Code for gross frauds and cheats at common law, Mich. Comp. Laws § 750.280.

For the reasons stated above, Defendants Hon. Douglas B. Shapiro, Hon. David H. Sawyer, and Hon. Jane E. Mackey are entitled to dismissal of Plaintiff's claims pursuant to Federal Rule of

Civil Procedure 12(b)(1) and (b)(6).

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: July 25, 2013          s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

  I hereby certify that a copy of this Report and Recommendation was served upon Larry Stoner and Counsel of Record on this date.

Dated: July 25, 2013     s/ Lisa C. Bartlett
             Case Manager